IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **PERSHING SCOTT KENNEDY,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20cv00643 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **TAZEWELL COUNTY JAIL,** *et al.,* | ) | By:    **Hon. Thomas T. Cullen** |
| | ) |         **United States District Judge** |
| Defendants. | ) | |

Plaintiff Pershing Scott Kennedy, proceeding *pro se,* filed this civil action pursuant to 42 U.S.C. § 1983, against the Tazewell County Jail and Tazewell County. By conditional filing orders entered November 2, 2020, and December 2, 2020, the court directed Kennedy to provide certain financial documentation so that the court could adjudicate his request to proceed *in forma pauperis* with this action. (*See* ECF Nos. 2 and 7.) In response to each of those orders, Kennedy only provided the relevant information for one of the six months that the court required. (*See* ECF Nos. 6 and 8.) By order entered January 5, 2020, the court directed Kennedy to advise the court whether he was incarcerated during the months that were missing from his prisoner trust account reports and that, if he was, to provide the missing months of account statements. (*See* ECF No. 10.) The court warned Kennedy that failure to comply would result in dismissal of his case. (*Id.*) Kennedy did not advise the court as to whether he was incarcerated during the relevant period and has not provided the account statements for the missing months. Accordingly, this action will be dismissed without prejudice because Kennedy failed to comply with the court's order.

Moreover, Kennedy's amended complaint fails to state a claim against the named defendants. Kennedy alleges that he was "assaulted in Tazewell [County Jail] because he was housed as [a] max[imum security] inmate." He claims that he was "told [it] wasn't [a] special housing unit[,] but [he] signed [protective custody] papers." He also states that he was "not represented to [the] fullest on any of [his] drug charges as well drugs in jail [*sic*]."[1] Kennedy claims that when he was first charged with a drug offenses in October 2018, he went to court twice before he got served with another drug charge. He claims that the second drug charge was based on the testimony of the same informant whose testimony was used to charge him with the first offense. He claims he was released in November 2019 and not incarcerated again until February 2020, when he was served with another drug charge from February 2019. Kennedy argues that the charge should have been "r[u]n together [with his prior drug charges] or dropped under the golden worm law." After being released on bond in March 2020, Kennedy was served with two more drug charges. He states that he is currently being held in jail based on three pending drug charges.[2]

---

[1] In his original, unsigned complaint, Kennedy alleged that he saw drugs being sold inside the jail and sent a letter to the Major and Commonwealth's Attorney. Kennedy believes his letter was intercepted and never delivered. He claims that on the day after he sent the letter, before his recreation time and in the presence of a correctional officer, the drug dealer came to Kennedy's cell door, called him a "snitch," and told him he "was going to get it" when he went outside for recreation. Kennedy asked to be moved to a special housing unit ("SHU") but was told that there was no SHU at the facility and was instead placed on suicide watch. On his way out of the pod, a maximum-security inmate assaulted him. Kennedy did not describe the assault or any injuries that he may have suffered. Kennedy claims that, after the assault, he gave a statement to a "law officer." Subsequently, Kennedy was housed in the booking area and did not receive recreation for ten days. Kennedy stated that he believes he was being "punished and lied to" because he reported the drug sales in the jail. Kennedy also stated that he believes his wife had an affair with a drug task force officer. Kennedy did not name any defendants in his original complaint.

[2] While the court was awaiting Kennedy's compliance with the court's conditional filing order, Kennedy also wrote a letter to the court concerning his "medical treatment at Haysi Jail." (*See* ECF No. 9.) In his letter, Kennedy stated he has asked for mental health medication "several times" during the past three months and has not received the medication. Kennedy states that he needs the medication to "keep him from having

Kennedy names the Tazewell County Jail and Tazewell County as defendants. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983 and Kennedy cannot maintain this action against the defendant jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (noting a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail.").

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985). Kennedy does not allege that any official policy or custom of Tazewell County was responsible for the violations or injuries he allegedly suffered and, thus, his allegations fail to state a claim against the county.[3]

---

breakdowns." He also states that he has asked for an MRI of his knee from a 2018 injury, but the doctor only ordered him a knee brace and told him he would have to wait until he went to prison to get a MRI.

[3] Further, to the extent Kennedy is attempting to bring any claim against the Southwest Virginia Regional Jail Authority, his claim also fails because he does not allege that any official policy or custom of the jail authority was responsible for the violations or injuries he allegedly suffered.

For all these reasons, Kennedy's complaint will be dismissed.

**ENTERED** this 4th day of February, 2021.

                                        */s/ Thomas T. Cullen*
                                  HON. THOMAS T. CULLEN
                                  UNITED STATES DISTRICT JUDGE